WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ebone Leroy East,<br><br>  Plaintiff,<br><br>v.<br><br>PNC Bank National Association,<br><br>  Defendants. | No. CV-22-00553-PHX-ESW<br><br>**ORDER** |

On March 1, 2022, Ebone Leroy East ("Plaintiff") filed a Complaint in the Superior Court of Arizona in and for Maricopa County against PNC Bank National Association ("Defendant"). Plaintiff alleges that on or about December 16, 2021, Plaintiff "was denied service from the Defendants based on his race. Defendants deposit loose coins unwrapped for other customers, who were of Mexican or Spanish origin, but denied the same service to the Plaintiff who is an African American black male[.]" (Doc. 1-3 at 23, ¶1). Plaintiff asserts racial discrimination, negligence, intentional misrepresentation of the banking policy, and breach of the duty of care. (*Id.* at 17, 24). Plaintiff requests $250,000 "for each time the Defendant(s) denied Plaintiff his right to deposit pursuant to the Defendant(s) banking policies and $50,000.00 punitive damages to teach the Defendant(s) a lesson." (*Id.* at 5).

On April 6, 2022, Defendant removed the action to the United States District Court for the District of Arizona on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1). Pending before the Court is Defendant's "Motion to Compel Arbitration and Dismiss the Complaint" (Doc. 15). The Court has reviewed the Motion (Doc. 15), Plaintiff's Response (Doc. 17), Defendant's Reply (Doc. 20), and Plaintiff's Sur-Reply (Doc. 21).[1] For the reasons explained herein, the Court will grant Defendant's Motion (Doc. 15).[2]

# I. DISCUSSION

## A. The Federal Arbitration Act

The Federal Arbitration Act ("FAA") applies to contracts "evidencing a transaction involving commerce." 9 U.S.C. § 2. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4). "The court's role under the [FAA] is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 4) (other citations omitted). If a district court decides that an arbitration agreement is valid and enforceable, "then it should stay or dismiss the action pending arbitration proceedings to allow the arbitrator to decide the remaining claims, including those relating to the contract as a whole." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1276-77 (9th Cir. 2006).

---

[1] "Neither Federal Rule of Civil Procedure 7 nor the local rules of practice for this District provide for the filing of a sur-reply, and sur-replies are not authorized by any other rules of procedure absent express prior leave of the Court." *Spina v. Maricopa Cty. Dep't of Transp.*, No. CV05-0712-PHX-SMM, 2009 WL 890997, at *1 (D. Ariz. Apr. 1, 2009). Nonetheless, in light of Plaintiff's pro se status, the Court considered Plaintiff's Sur-Reply (Doc. 21) in ruling on Defendant's Motion (Doc. 15).

[2] The parties have consented to the exercise of Magistrate Judge jurisdiction. (Doc. 13).

"Arbitration agreements are presumptively enforceable under the FAA 'save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Taleb v. AutoNation USA Corp.*, No. CV06-02013-PHX-NVW, 2006 WL 3716922, at *2 (D. Ariz. Nov. 13, 2006) (quoting 9 U.S.C. § 2). "In determining the validity of an agreement to arbitrate, federal courts 'should apply ordinary state-law principles that govern the formation of contracts.'" *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). While "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements," courts may not "invalidate arbitration agreements under state laws applicable only to arbitration provisions." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996) (citations and emphasis omitted).

"It is permissible to consider evidence outside the pleadings when resolving a motion to compel arbitration." *Scott-Ortiz v. CBRE Inc.*, 501 F. Supp. 3d 717, 721 (D. Ariz. 2020). "To the extent there are conflicts in the evidence submitted by the parties, the court applies a standard similar to that applicable for a motion for summary judgment." *Id.* (internal quotation marks omitted).

**B. Analysis of Defendant's Motion to Compel Arbitration**

Defendant has submitted a declaration from its records custodian, which states that Plaintiff opened an account with Defendant on August 26, 2021. (Doc. 15 at 12, ¶4). Attached to the declaration is a copy of the "Consumer Signature Card" form signed by Plaintiff. (*Id.* at 14-15). The form states:

> By signing below, I/We acknowledge and agree that this account is and shall be governed by the terms and conditions set forth, as amended from time to time, in this Signature Card and in the Consumer Deposit Account Agreement, Account Terms & Conditions, and Account Key Information disclosure. Furthermore, I/We acknowledge the receipt of these documents.

(*Id.* at 14). On the first page of the Consumer Deposit Account Agreement (the "Agreement") is the following language: "**YOUR ATTENTION IS DRAWN TO THE ARBITRATION AND WAIVER OF JURY TRIAL PROVISIONS IN SECTION 3.**

**IF A DISPUTE ARISES BETWEEN US, YOU OR WE MAY REQUIRE THAT IT BE RESOLVED THROUGH ARBITRATION, RATHER THAN THROUGH JURY TRIAL."** (*Id.* at 17) (emphasis in original). Section 3 of the Agreement provides:

> Either you or we may ask to settle disputes by arbitration. Arbitration is a way of working out disputes without going to court. If you or we ask for arbitration, we would all meet with a person called an arbitrator. An arbitrator is like a referee or a judge. The arbitrator will listen to what you and we have to say. The arbitrator will decide who is right. The arbitrator's decision is called an award. The party who wins the award can take it to any court that could have heard the dispute and get an official judgment.
>
> . . . .
>
> What Disputes Are Covered: Any dispute that arises from or relates to this Agreement, your Account and any transaction involving the Account or any service or product related to your Account will be settled by arbitration unless it is described below in "What Disputes Are Not Covered."
>
> This means that disputes about the following are covered:
>
> - This Agreement, your Account or any transaction involving the Account or any service or product related to your Account;
>
> . . . .
>
> It doesn't matter whether the dispute is based on contract, fraud, tort, intentional tort, statute, regulation, constitution, common law, equity or otherwise. It also doesn't matter when the dispute began (whether before this Agreement, now or in the future). This arbitration provision will continue to apply after this Agreement ends and/or after you or we close the Account.

(*Id.* at 20). The Court is persuaded by Defendant's assertion (Doc. 15 at 6) that the Agreement involves interstate commerce and is subject to the FAA. Defendant argues that the Agreement's arbitration provision is enforceable because Plaintiff validly consented to it and his claims in this action fall within the provision's scope. (Doc. 15 at 5-6). Plaintiff

asserts that he is "not subjected to compulsory arbitration" because the Agreement "is an adhesion contract that it's [sic] terms are unconscionable, false and unture [sic] and misleading to account holders, like the Plaintiff that use their banking platforms." (Doc. 17 at 2) (emphasis omitted).[3]

"Generally applicable contract defenses, such as . . . unconscionability, may be applied to invalidate arbitration agreements without contravening § 2" of the FAA. *Casarotto*, 517 U.S. at 687 (1996). As mentioned, in determining the validity of an arbitration agreement under the FAA, courts "apply ordinary state-law principles that govern the formation of contracts." *Circuit City Stores*, 279 F.3d at 892. Here, Arizona law applies.

"Under Arizona law, either substantive or procedural unconscionability may be raised as a defense to enforcement." *Rizzio v. Surpass Senior Living LLC*, 492 P.3d 1031, 1035 (Ariz. 2021). Plaintiff bears the burden of proving the unenforceability of the arbitration provision, and the determination of unconscionability is to be made by the Court as a matter of law. *Maxwell v. Fidelity Financial Services, Inc.*, 907 P.2d 51, 56 (Ariz. 1995); *Taleb v. AutoNation USA Corp.*, No. CV06-02013-PHX-NVW, 2006 WL 3716922, at *2 (D. Ariz. Nov. 13, 2006) ("Because a court order compelling arbitration is the functional equivalent of a summary disposition on the issue of the enforceability of the Arbitration Agreement, the burden is properly upon the Plaintiff to produce specific facts showing that such a triable issue exists."). "Unconscionability is determined as of the time the parties entered into the contract." *Nelson v. Rice*, 12 P.3d 238, 243 (Ariz. Ct. App. 2000).

**1. Procedural Unconscionability**

"Procedural unconscionability addresses the fairness of the bargaining process,

---

[3] Plaintiff also states that the "amounts claimed are $300,000 and is over the limits of Compulsory Arbitration." (Doc. 17 at 2). Defendant correctly recounts that the arbitration provision does not exclude disputes over a certain monetary limit. (Doc. 15 at 2, 20). The Agreement's arbitration provision states only that it does not cover any dispute (i) that could be taken to a small claims court or (ii) about the parts of the arbitration provision that prohibit class disputes. (*Id.* at 20).

which 'is concerned with "unfair surprise," fine print clauses, mistakes or ignorance of important facts or other things that mean bargaining did not proceed as it should.'" *Clark v. Renaissance W., LLC*, 307 P.3d 77, 79 (Ariz. Ct. App. 2013) (quoting *Maxwell*, 907 P.2d at 57-58). Arizona law provides that "although [an] arbitration agreement may be a contract of adhesion in that it [is] presented in a 'take it or leave it' context, it is not [necessarily] procedurally unconscionable." *See Brady v. Universal Tech. Inst. of Arizona, Inc.*, No. CV-09-1044-PHX-FJM, 2009 WL 5128577, at *2 (D. Ariz. Dec. 17, 2009) (finding no procedural unconscionability where "no allegation of concealment or surprise" was made, "[t]he arbitration language [was] clear and conspicuous," and "[t]he waiver of judicial remedies [stood] out in uppercase text"). When assessing whether a contract is procedurally unconscionable, the factors that courts consider include: "age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, [and] whether alterations in the printed terms were possible." *Maxwell*, 907 P.2d at 58 (internal quotation marks and citation omitted). A court may also consider "whether the contract was separate from other paperwork, whether the contract used conspicuous typeface, and whether the contract was signed hurriedly and without explanation in emergency circumstances." *Dueñas v. Life Care Ctrs. of Am., Inc.*, 336 P.3d 763, 768 (Ariz. Ct. App. 2014) (internal citations omitted). "[T]he fundamental question is whether one party to a contract has unfairly or surreptitiously deprived the other of the right of access to the courts." *Id.*

To the extent Plaintiff claims procedural unconscionability, the claim is without merit. As mentioned, the Agreement contains bold language directing the reader's attention to the arbitration provision. (Doc. 15 at 17). The arbitration provision is written in plain English that would be comprehensible to a non-lawyer. *See Graham v. United Servs. Auto. Ass'n*, No. CV-20-02210-PHX-DWL, 2021 WL 2780865, at *4 (D. Ariz. July 2, 2021) (rejecting a plaintiff's claim of procedural unconscionability where the arbitration-related language in the contract at issue was less than one page long was written in bolded, plain English that would be comprehensible to a non-lawyer, and the plaintiff did not

submit any evidence "that she was somehow confused by the Agreement or failed to notice or comprehend it"). The Court finds that the Arbitration Agreement is not procedurally unconscionable.

### 2. Substantive Unconscionability

"Substantive unconscionability concerns the actual terms of the contract and examines the relative fairness of the obligations assumed." *Maxwell*, 907 P.2d at 58. A contract may be substantively unconscionable if it includes "terms so one-sided as to oppress or unfairly surprise an innocent party" or "an overall imbalance in the obligations and rights imposed by the bargain." *Id.*

The terms of the Agreement's arbitration provision are not so one-sided as to render it substantively unconscionable. For instance, the provision provides that "Either you or we may ask to settle disputes by arbitration." (Doc. 15 at 20); *compare R & L Ltd. Invs., Inc. v. Cabot Inv. Properties, LLC*, 729 F. Supp. 2d 1110, 1117 (D. Ariz. 2010) (finding arbitration clause substantively unconscionable where "Defendants have broad-ranging remedies for claims they may have (arbitration plus), while Plaintiff has the sole remedy of arbitration").

The Agreement's arbitration provision also does not contain a cost-shifting provision that is one-sided in favor of Defendant. *Compare R & L Ltd. Invs., Inc.*, 729 F. Supp. 2d at 1117 (arbitration clause was substantively unconscionable where it required the arbitrator to award attorneys' fees to the defendants if they prevail, effectively nullifying the relevant Arizona statutory provision). The provision provides that if the total dollar amount of the disputes is $50,000 or less, Defendant "will pay that portion of the arbitration filing fee that is more than the cost of filing a lawsuit in the federal court where [the account holder] live[s]." (Doc. 15 at 21). The provision further provides that the arbitrator "will decide who has to pay for any arbitration charges that are greater than those [Defendant] agreed to pay. . . . Unless ordered otherwise by the arbitrator(s), each of us must pay for its own attorneys, expert and witness fees, no matter who wins." (*Id.*). Plaintiff has not shown that arbitration would put him in any worse position than litigation.

*See Harrington v. Pulte Home Corp.*, 119 P.3d 1044, 1056 (Ariz. Ct. App. 2005) (refusing to find fees substantively unconscionable when litigant failed to "show arbitration will put them in any worse position than litigation," and noting the record was "speculative" with regard to the costs of arbitration); *Rizzio*, 459 P.3d at 1207 (finding an arbitration agreement unconscionable where the agreement's cost shifting provision allocated "the payment of *all* costs, fees, and expenses [or arbitration] to plaintiff, *even if she prevails*," and comparing cases where the allocation of arbitration costs and expenses were unstated) (emphasis in original). To the extent Plaintiff claims that the Agreement's arbitration provision is substantively unconscionable, the Court finds the claim meritless.

### C. Dismissal

The Court finds that the parties entered into a valid arbitration agreement that applies to Plaintiff's claims in this lawsuit. Defendant's Motion (Doc. 15) will be granted.

When neither party requests a stay in the event a motion to compel arbitration is granted and all claims are subject to arbitration, a court has discretion to dismiss the action. *See 2151 Michelson, L.P. v. Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, 754 Fed. Appx. 596, 597 (9th Cir. 2019) ("The district court correctly dismissed the action on the basis that all the claims are arbitrable. A district court may dismiss an action, rather than stay it, when all of the issues are arbitrable."). Here, neither party has requested a stay. As the Agreement's arbitration provision encompasses all of Plaintiff's claims, the Court will exercise its discretion in favor of dismissal.

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting Defendant's "Motion to Compel Arbitration and Dismiss the Complaint" (Doc. 15).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment dismissing this action without prejudice.

**IT IS FURTHER ORDERED** denying Plaintiff's April 28, 2022 Motion (Doc. 16)

1  requesting entry of default judgment against Defendant.[4]

2  Dated this 23rd day of May, 2022.

```
                                    _____
                                    Honorable Eileen S. Willett
                                    United States Magistrate Judge
```

---

[4] Defendant correctly asserts in its Response (Doc. 18) that Defendant is not in default as its "Motion to Compel Arbitration and Dismiss the Complaint" (Doc. 15) is properly construed as a motion under Federal Rule of Civil Procedure 12(b)(1). Defendant also correctly asserts that to the extent Plaintiff's Motion (Doc. 16) may be construed as a request for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the request is improper as the time for Defendant to answer the Complaint has not closed. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.").